## Case No. 2,546.

CENTENNIAL CATALOGUE CO. v. PORTER et al.

[3 Cent. Law J. 460;[1] 2 Wkly. Notes Cas. 601.]

Circuit Court, E. D. Pennsylvania. 1876.

COPYRIGHT NOT ASSERTABLE IN A PROJECTED WORK—INJUNCTION TO PROTECT.

[1. There can be no copyright of an inchoate intended publication.]

[2. The book is the subject of copyright, not the subject.]

[3. Injunction will not lie to protect a projected publication.]

An injunction was asked for to restrain the defendants, who, it was alleged, were about to issue a catalogue of the exhibitors at the Centennial Exhibition at Philadelphia. The bill set forth that the commission had partly written, and were causing to be written with as much expedition as possible, manuscripts of the official catalogues of the several departments of the exhibition; that on the 25th Sept., 1875, they deposited in the office of the librarian of congress the titles of separate books, in the following form: "Unit-

---

[1] [Reprinted from 3 Cent. Law J. 460, by permission.]

ed States Centennial Commission. International Exhibition, 1876. Official Catalogue of the Department of Mining, Metallurgy, Manufactures, Education and Science. All rights reserved. Philadelphia, 1876;" together with similar titles for the departments of agriculture, horticulture, machinery and art; the rights whereof they claimed as proprietors under the copyright laws of the United States; that on Nov. 1st, 1875, the centennial board of finance, with the consent of the commission, granted the exclusive right of publishing said catalogues to the assignors of complainants, and that portions of the catalogues had been already printed by complainants. The plaintiffs' book was in a form called a dummy, i. e., a book containing a few printed leaves followed by blank ones. The plaintiffs contended that although subject-matter open to all the world cannot be copyrighted, as a general principle, in this particular case it was different, because the information from which alone a catalogue could be prepared had been expressly reserved to the commission and their assigns, and all exhibitors and visitors were subject to the reservation by the published regulations. The objection was to the publication by the defendants of a list of leading exhibitors. They further maintained that by taking the initiatory steps in recording the title, they became entitled to protection, and the congressional librarian in his pamphlet of instructions declares that a copyright may be secured for a projected as well as for a completed work, and cited 2 Morgan, Lit. 232; Pulte v. Derby [Case No. 11,465]; Roberts v. Meyers, 13 Month. Law Rep. 401; Boucicault v. Wood [Case No. 1,-693]; Abernethy v. Hutchinson, 1 Hall & T. 28; Prince Albert v. Strange, 2 De Gex & S. 674; Rev. St. §§ 4964, 4970.

CADWALADER, District Judge, considered that the plaintiffs were not in a condition to make such a book as shown in the application. It was something new to him that copyright was applicable to an inchoate and intended publication. Assuming that a manuscript could be copyrighted, the question was whether it must not be in the form in which it is to be printed. The difficulty was that the plaintiffs had no copyright in the subject but only in the work. If there is anything but literary piracy, their remedy is in the state courts. There is no remedy in the United States court until it comes to infringement of literary property. The plaintiffs go upon the ground of literary property, not in print and only partly in manuscript. The jurisdiction of the court is only over printed matter. The mere threat to print a book does not give it jurisdiction. The act says a book, not an intended book. The injunction was therefore refused.